Baxter vs. Day and another.

Baxter, Respondent, vs. Day and another, Appellants.

*November 9 — December 4, 1888.*

*Parties: Interpleader.*

Sec. 2610, R. S. (providing that a defendant against whom an action is pending upon a contract may apply for an order substituting in his place a person, not a party to the action, who makes against him a demand for the *same debt),* does not apply to a defendant sued for the purchase price of logs to which the persons sought to be substituted claim title adverse to that of his vendor, the plaintiff.

APPEAL from the Circuit Court for *Langlade* County. The following statement of the case was prepared by Mr. Justice Cassoday:

November 18, 1886, the plaintiff purchased of Gabe

Bouck 160 acres of land described and took an ordinary land contract therefor. Subsequently the plaintiff sold to the defendants a certain quantity of pine saw-logs from said land. January 11, 1888, this action was commenced for the purchase price of said logs, which the defendants concede has not been paid. The only reason given for such nonpayment is that Hale and Shipley claim that they bought the logs of one Baker for value, and were the owners of the same; that the plaintiff never had any title or right thereto; that Hale and Shipley, by reason of such ownership, had demanded payment for such logs of the defendants. Upon affidavits and answer showing such facts, the defendants moved the court, February 7, 1888, for an order making said Hale and Shipley parties defendant for and in the place of these defendants; and that upon the defendants paying into court the amount claimed in the plaintiff's complaint, which they were ready and willing to do, they be discharged from all further liability in the action. Upon the hearing of that motion an order was entered denying the same, with $10 costs. From that order the defendants appeal.

The cause was submitted for the appellants on the brief of *Thos. Lynch,* and for the respondent on that of *W. F. White.*

CASSODAY, J. If the defendants were entitled to have Hale and Shipley made parties defendant in the place of themselves, then it was by virtue of sec. 2610, R. S., as amended by ch. 41, Laws of 1883. The clause of that section which may be urged as applicable with most plausibility is this: "A defendant, against whom an action is pending *upon a contract,* or for specific real or personal property, or for the conversion thereof, may, at any time before answer, upon affidavit that a person, not a party to the action, and without collusion with him, *makes against him a demand for the same debt* or property, . . . ap-

ply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount of the debt, or delivering the property or its value to such person as the court may direct; and the court may *in* its discretion make the order." This is not an action "for specific real or personal property, or for the conversion thereof." It is, however, an action "upon a contract." But in such an action the defendant has no right to such interpleader, unless "a person not a party to the action . . . makes against him a demand for the *same debt.*" Hale and Shipley have made no claim to the contract price of the logs which the defendants agreed to pay the plaintiff. Their claim, if any, is based upon their alleged ownership of the logs. Their remedy, if any, is manifestly to replevy the logs, or in an action for their wrongful conversion. In neither action could they make "a demand for the same debt" which this action is brought to recover. The case is not, therefore, within the statute.

*By the Court.*— The order of the circuit court is affirmed.